24-516. Hold on one second. Good morning. Good morning, Your Honors. May it please the Court. Jose Ortiz had no history of mental health treatment, diagnosis, or symptoms. Nothing in the record suggested that his mental health was anything except healthy. Wait, wait, wait. I mean, the sentencing submission in this case talked about the youthful trauma that led to addiction and relapse and a cycle that had him sort of in and out of prison. And the goal, I mean, this was in the submission made by defense counsel as a basis for a lower sentence. I mean, doesn't that all suggest that mental health treatment is appropriate for somebody who's endured significant trauma as a child? No, Your Honor. And then, you know, channel that into substance abuse? No? No. So first, Mr. Ortiz was 44 years old at the time of sentencing. The government argued that his childhood trauma was not relevant and shouldn't be considered as mitigating at that stage. They did, but you argued the opposite. The first line of the sentencing submission is by the time Jose Ortiz was 21 years old, things seemed hopeless for him. He'd been addicted to cocaine since he was a teenager. He'd been unable to get past the seventh grade. It talked about elsewhere his youth in which he had a violent childhood where parents were engaging in physical abuse. I don't know. I mean, these are all arguments for mental health treatment, aren't they? No, Your Honor. Not everyone who has a difficult childhood needs mental health treatment at age 44. Mr. Ortiz needed drug addiction treatment. He asked for it. The reasons for his offense were very clear. He had an addiction history. He achieved sobriety. He lost his job. He fell back into drugs. He had a drug conviction. He needed drug treatment, and that is what counsel was arguing for. That's what the parties agreed was appropriate. Nothing in the record. There was an abuse of discretion for the district court to rely on the things that are in the defense submission as suggesting that he also needs mental health treatment. So the judge, first of all, did not rely on those things. The judge said with respect to mental health treatment after an objection that it was needed because of, quote, gaps, that he thought it would be generally beneficial, and to understand why mistakes were made. What were the gaps that were identified? None, Your Honor. And there were a startling lack of gaps in this case. In many cases there are gaps at sentencing. People are not required to fully explain themselves. Here it was a straightforward case. Well, let me ask you this question. Often when there is substance abuse, there frequently is, whether it's due to emotional trauma in early childhood or some other type of trauma, often the two go hand in hand. So I understand you're trying to divorce the early childhood trauma from the need for mental health, but you're acknowledging his substance abuse. In his long history of substance abuse, the early childhood trauma led to significant substance abuse in his 20s or by the time he started to get in trouble with the law. The fact that he's had a time of apparently no involvement with the law, with criminality, and then resumes both substance abuse and criminality, can you really divorce those two? Aren't they really hand in hand? And doesn't then the trauma inform the resuming substance abuse and the need for both, mental health and substance abuse? There's no evidence of that in the record, and that's what's important for this court. Moreover, the guidelines, courts, and probation consider mental health treatment and drug abuse treatment separately. What was the relevance then of talking about as a child he grew up in chaotic circumstances, shuttling back and forth between Puerto Rico where he lived with an alcoholic father, stayed with a mother who was prone to outbursts of violence, with little meaningful adult supervision, he dropped out of school and became a cocaine addict as a teenager. What is the relevance of any of that? Mitigation. Counsel was trying to get a 60-month sentence, which was the minimum here. Counsel was showing the court that Mr. Ortiz had had a difficult life circumstance. Is that mitigation because that type of history would inform his conduct later on in life? I mean, it can't be just, you know, I needed surgery when I was 2 years old, therefore you should mitigate my conduct for the rest of my life. There has to be a connection between that history and the current conduct. Otherwise, what's the purpose of mitigation? So we're not here to argue about mitigation. This is a discrete issue about a condition of supervised release requiring Mr. Ortiz to attend twice-weekly mental health treatment even though he has... How often does he have to attend drug treatment? Only one time a week. And why the difference? Totally unexplained. The drug treatment is what he needed. The guidelines indicate that is separate from mental health treatment. Requiring somebody to attend mental health treatment when they have no... in imposing mental health treatment as a special condition? No. The judge only... So it's just the gaps? It was just a reference to gaps? Correct. And what else? Gaps to understand his mistake, which would be true in every case. Everyone getting sentenced has made a mistake. Is it mistake or just his return to involvement with the sale of narcotics? Well, the judge says mistake, but... Well, the mistake ties to the conduct for which he's charged, right? Well, of course, Your Honor. That's the mistake. That's always true at sentencing. This court has made clear that reasons for supervised release conditions that are not tied to the individual are not okay. That's in Olivares. These reasons were not tied to Mr. Ortiz. A general view that counseling is appropriate any time somebody has a difficult childhood or has a drug addiction history, that would apply to a wide swath of people, not just to Mr. Ortiz. Absent here is the individual circumstance that this court has always pointed to in these cases. In the cases, the government sites where you uphold mental health treatment, there is a diagnosis, there is a history of counseling, or at the very least, there is a self-report of negative feelings. Can I ask you a question? So there was an objection here. Yes, Your Honor. And in most of the cases, as I'm sure you're familiar, we're reviewing for plain error. Correct. And we look for any evidence of the record that might explain. What do we do here? Because there's an objection, is that different from plain error review? Yes, Your Honor. It is different. It's review for abuse of discretion. And I would also urge the court to strike the condition here because there is an objection. So unlike the vast majority of cases, the judge here had his error pointed out and was given an opportunity to correct it, to give an explanation. And then the explanation that the judge gave was not individual to Mr. Ortiz. Because of that, this court should strike the condition rather than remand it. Okay. Thank you, Your Honor. Thank you. Is there some time for rebuttal? We'll hear from the governor. Good morning. Good morning, Your Honors, and may it please the court. I'm Assistant United States Attorney Lauren Phillips, and I'm representing the United States on appeal. Judge Berman did not abuse his discretion in imposing a set of supervised release conditions that included, among other things, substance abuse treatment and counseling. The defendant was convicted for fentanyl trafficking. What does mental health treatment consist of? Here, Your Honor, Judge Berman imposed counseling. So there are two sessions of counseling. One is group therapy and one is individualized therapy every week. For how long? It is for the term of his supervised release. No, no, no. For how long is each session? Oh, an hour each, I believe, Your Honor. And so there's one session for drug treatment? Your Honor, there's counseling sessions that were imposed here. I think mental health, we sort of speak of it broadly. Here, Judge Berman imposed two counseling sessions. Two counseling sessions for mental health? They're counseling by understanding, in practice, Your Honor, often they will discuss kind of the complex history. I think the complex history here was brought up by the defendant. That includes both his upbringing. It also includes the substance abuse. No, no. I'm literally trying to understand what the conditions are. So what is the drug treatment and what is the mental health? I mean, you're calling it counseling. I read it as mental health treatment. What is mental health treatment, counseling treatment for mental health, and what is the drug treatment? Your Honor, the district court judge essentially opposed substance abuse treatment. That can take an individualized approach. It is often done in conjunction with probation. The probation department will often go to various providers and discuss a treatment plan with them and sort of leave it to the provider to develop a program. That often can include counseling, and it sort of is an individualized approach here that, given kind of the nature of this case and where we are, the exact makeup. So what is this mental health counseling separate from drug treatment? The district court imposed and ensured that there would be counseling twice a week. What does that mean? It's an individualized approach sort of with a provider. So why twice a week for mental health counseling and only once a week for drug treatment, for drug counseling? Your Honor, the drug treatment, again, it can sort of, I don't mean to be evasive, but it can be sort of an individualized approach that would come up later. The record just isn't built out at this point. The district court found it appropriate to impose two sets of counseling. So one is a group therapy and one is individualized. That sort of explains the two. The district court sort of looking at the circumstances here, the defendant's difficult history, everything that, as Your Honors had pointed out, the defendant raised. With respect to the mental health counseling, as your friend on the other side noted, what Judge Berman referenced were gaps in the record. What are the gaps that he identified? Yes, Your Honor. I believe the gaps here are the drug addiction and the 20 years of sobriety, the recent relapse, and all of this that led to the crime. So essentially the judge, of course, had the defendant's submission. He said something. Where is that on the record that he said? Your Honor, the judge used the word gaps. I do think looking at the record as a whole, it is clear that there are gaps. So this brings me back to the question that I asked your friend. Usually we see these cases in the context of plain error review, and we can use our imagination, so to speak, based on what we see in the record to determine whether there was plain error. Here there was an injection, which gives the district court an opportunity to provide an individualized explanation for a, not a standard condition, but a special condition, a supervised release. How do we deal with that? Yes, Your Honor. Then do we still scour the record in the same way that we're asked to do under plain error review, or do we do something materially different? Your Honor, I agree here that it's an abuse of discretion. Looking here, we can listen to the judge's explanation in response to the objection, as well as the record as a whole. I do still think that we look to the entire record, the entire sentencing proceeding. The district court was, of course, imposing a sentence that included a term of incarceration, as well as various conditions of supervised release. So we do look to that record as a whole in determining whether it was appropriate, as well as what the judge said himself. So this is two hours, at least, of mental health counseling. How long is the term of supervised release? I believe it was five years. Okay, every week for five years. Yes, Your Honor. And of course, in this case and as in every case, if it proves in the future to be unreasonably burdensome, given whatever job that the defendant may in the future get, or if there is sort of a change in circumstances or anything else that the defendant wants to bring to the court, he can, of course, move to modify the terms of supervised release. Your friend from the Federal Defenders asked us to strike the condition. Of course, there presumably, if we were to agree with her, there might be another remedy, and actually she noted it, which is to remand. And just ask Judge Berman to just tell us what he meant by gaps, to let us know what else in the record that we might be missing so that we're not in the business, on abuse of discretion, of scouring the entire record. It's not a big law record. Would there be anything wrong with that? Your Honor, do you think, as an initial matter, I think it's appropriate to affirm here. I don't think it involves much scouring of the record. It's the defense's own submission and the statements that were made during the sentencing itself. So just on that, you see and I've seen and any former federal prosecutor here has seen any number of submissions that are targeted toward and describe difficult childhoods, difficult family circumstances, difficult whatever, all in the context of litigation. Now, in those cases, in every case, is that a basis for mental health treatment? I think in part that that shows perhaps a recognition that mental health can have an impact and a reason behind the crimes here. I don't think it's every case. Why not? Because it requires the judge to make an individualized determination. It's certainly possible that it... So if there's a description of a difficult childhood or some very difficult family circumstance that may have occurred just a few years ago, that is a basis for, without more, for the judge to impose a special condition of mental health treatment twice a week. I think it really depends on the circumstances, Your Honor. Here, there was a difficult childhood. There was a history of drug addiction, 20 years of sobriety, a recent relapse, job instability, as well as a request for services. Even if the defendant meant that in terms of drug treatment services, the judge was entitled to listen to all of this and believe that it was appropriate to impose counseling. I think it's certainly possible that mental health conditions could be appropriate in other cases. The guidelines actually recommend, if the court has reason to believe that the defendant is in need of psychological or psychiatric treatment, to impose a mental health condition. I don't think it's outrageous to think that in some cases, and even in several cases, that that could be appropriate. Do you know how often... And I have great respect for Judge Berman. I've tried a case in front of him. But how often does he impose mental health treatment? Does the government know? I don't have an exact number, percentage. Not specifically, Your Honor. Thank you. Are you familiar with whether or not judges can order treatment in a dually diagnosed treatment program? Like, dual diagnosis. Somebody who may need mental health counseling, whether it's for a very difficult upbringing, prior abuse, as well as substance abuse, that may develop as a result of that difficult prior abuse history. Your Honor, I know in practice, often the counseling will sort of address both issues. I think even the sources that defendant cites, in the reply, note the importance of sort of a dual approach that includes counseling and perhaps medication. That wasn't done here. I mean, it was done here by separate sort of orders. But what I'm asking is whether or not, in your experience, you have seen district court judges order a particular defendant to attend a dually diagnosed treatment program. I haven't seen that, Your Honor. I don't want to speak whether or not it happens. It's routinely done in the state system I came from. There are specific programs for dually diagnosed individuals. And I'm asking if you've seen that in your experience. I know in many experience, probation will sort of work with a different provider to determine that there is an appropriate approach that accounts for mental health problems as well as substance abuse treatment. That's sort of done on the probation side once a condition of substance abuse treatment and or mental health is imposed. But not specifically ordered by the court that it has to be a dually diagnosed program. Not that I've seen it. I don't know that I can speak to it in general. It is not the government's position. It might be a district court judge's position. It is not the government's position, as I understand it, that everyone who describes or has a very difficult childhood and has an addiction, perhaps as a result of the trauma associated with that difficult childhood, should have any form of mental health counseling or treatment. I don't think we'd make a blanket statement. Of course, it requires an individualized approach, as occurred here. Individualized approach, okay. Yes, thank you, Your Honor. Twice a week, mental health treatment is a burden on Mr. Ortiz's liberty interests. If he doesn't attend, he can have a violation of supervised release. If he says the wrong thing and it's reported to probation, it can be a violation of supervised release, and it's taking time away from what he needs to be doing most, which is going to drug treatment, focusing on his family, and getting a job. Nothing in the record supported this condition. On the contrary, even when asked how he felt, Mr. Ortiz accepted blame for the crime, saying he had caused it, and so he wasn't concerned. He wasn't having negative thoughts about it. If we don't strike the condition and instead were to send it back for resentencing, where is your client now? He's incarcerated right now, Your Honor.  I'm not sure of exactly which BOP facility. He spent a lot of time at MDC and was recently moved. Right. So, I mean, chances are, then, that he would be traveling a distance to come back for a resentencing at which the only issue would be whether or not he would get mental health treatment. Is that right? Yes, Your Honor, and there's no reason to send it back because we know what Judge Berman thought, what he provided as an individual assessment. In our experience, Judge Berman does impose mental health treatment quite routinely, and nothing about Mr. Ortiz's record will have changed at this resentencing. The court already has it. There is nothing about mental health treatment. To give Judge Berman a second chance to try to use the government's arguments instead of the ones that he pointed to originally... Or use your arguments, I guess. I mean, the arguments that the federal defenders use in their sentencing submission. Again, Your Honor, those were not about mental health treatment, and it was clear that... But why would they be mitigating that? I mean, it seems to me that the mitigation is that he's less morally culpable because he was not fully in possession of his emotional faculties. Like, that's what led to addiction. That's what led to crime. Nobody suggested he wasn't in touch with his emotional faculties. So just a bad childhood gets time off in your 40s, just automatically? No, Your Honor. No. Mr. Ortiz did not get time off. It seems to me the mitigation is to the moral culpability. It goes to what would be a morally just sentence. And that turns, in part, on whether this person was really responsible or whether they were compelled by mental health or addiction issues that made them less responsible than a purely greedy defendant. As Judge Loyer pointed out, it is extremely common for defense counsels to point out the extreme difficulties that our clients have faced throughout their lives when presenting them as whole people that the judge can sentence and see the struggles that they have had through their lives. The history and characteristics of the defendant.  Exactly. But it cuts two ways, right? I mean, that history and characteristic does allow the sentencing judge to conclude that this is someone who would benefit from mental health treatment in light of serious childhood trauma. Your Honor, that's just not the record that we have here. Nothing in the defense submission or what the defense said to the court indicated that he had mental health problems as a result of his childhood trauma. That was not what the mitigation evidence was used for. It could be in a different case. Here, it wasn't. It was used to explain how he became addicted to drugs as an extremely young man. Then defense counsel explained how he achieved sobriety, how he raised his daughter. Abuse that causes pain, trauma, led to substance abuse, right? In his early childhood. I'm not sure, Your Honor. What I know is he had a difficult childhood. I thought that's what I just heard you say, that it was the abuse and the trauma that led to his substance abuse, his early childhood abuse and experiences that led to his drug abuse. Correct? I am not sure what led to his drug abuse. What I do know is that substance abuse... You want to retract that statement that you just made? I thought I just heard you, perhaps I misheard you, but I thought I just heard you say that the submission by the defense was to inform the court that his early childhood trauma is what led to his substance abuse. I thought that's what I heard you say, but perhaps I misheard that. I don't have a perfect recollection of what I just said either, but I think... If that were the case, and now he's back to using substances again, wouldn't that suggest that perhaps something's going on that is leading him back to substance abuse that is unresolved? That is what substance abuse treatment is for. Just like he retrieved sobriety previously not through mental health treatment, as he has no history of mental health treatment, he is going to do the same now, or work hard to do the same now. Substance abuse treatment discusses the causes of your abuse. It helps people overcome them and achieve sobriety. That is what his record shows he needs. So maybe... I think maybe your argument, but I don't want to put words in your mouth, is really ultimately, you've said it before, that we don't know why specifically just Berman imposed this condition. Now, there might be things in the record that support it, that don't, but there was an objection that was made, and the only post-objection justification was there are gaps, and what gaps means is ambiguous. You're asking us to strike. I thought I sort of suggested another avenue, which is to remand, and that may not ultimately endure to your client's benefit. I appreciate that, but why... Is that not an option? That is an option, Your Honor. Judge Sullivan mentioned you'd have to, I think, bring your client back, but is that not an option? That is certainly an option. In this court's supervised release conditions, decisions, you have used both options. So sometimes there is a remand, sometimes there is a strike, or a remand just to strike, and in that latter category, we have Eaglin, Rodriguez, and Mears, just to name a few. So the court does take two different routes. The court does not explain why it has chosen one route or another in these cases, but those cases are almost always about unpreserved errors, the one where the court remands. So I think it's reasonable to look at a case where it is preserved, where the judge has already had the opportunity to give an explanation and conclude there's no reason to send it back for a remand, that the appropriate thing to do here is to strike it. And I understand the difference in the burden, you know, the standards when it's preserved and when it's not. I guess I have one final question. I know that you argue to us this is akin to punishment, to make them go twice a week for counseling, mental health treatment. But isn't a trial judge, having been one, often when framing conditions, the goal is to keep someone from messing up again, making a future mistake. Recidivism, it's for rehabilitation. So are you suggesting that in setting a condition of counseling to deal with the person as a whole, that that is punishment? Often judges are doing that to make sure people have the support system and the help they need to succeed when they're on supervised release. I'm not suggesting it's punishment per se, but a burden. And it's something that can set people up to fail when they are told to go to twice weekly treatment that is not indicated by their record. Particularly group treatment, where if Mr. Ortiz has to go to group mental health treatment, he will likely be put in a group with people with serious mental illnesses, serious mental health conditions. When you say not indicated by the record, if Judge Berman had, after the objection, fully justified the imposition of this mental health counseling as a condition, I don't think you would be making the arguments that you're making today. Or are you saying that under no circumstance is mental health counseling in this case appropriate? In this case, there's nothing in the record suggesting it is. And what I meant by the record just then was in Mr. Ortiz's record, in his past, when he doesn't have a diagnosis, any history of treatment, or even self-reported symptoms. He would not have, as far as we all know, anything to talk about in that group therapy except his substance abuse. And that wouldn't be the appropriate forum for that. The appropriate forum for that would be his substance abuse treatment, which, again, he requested and very much wants to attend. Is there a mental health component to, and I should know this from the reentry courts, but I think that in connection with drug treatment, is there a mental health component, any mental health component? Well, I think when you use the word counseling, if you use that word counseling in that sort of broad sense, yes. Drug treatment involves going in, talking to some sort of professional about the causes of your relapse, how you're feeling about triggers, identifying the triggers for substance use, how you're feeling about how your life is going. But it's in the context of substance abuse. So that's what he said. Can I just put on my practical hat for a minute? I mean, I think we know what is likely to happen is that he will be released. He will then be referred to a program, and chances are it will be a mental health and substance abuse treatment provider, and these will be combined. Do you disagree with that? I do, Your Honor, because the judge was very clear that there had to be two specific mental health components, one with a group, and only one drug treatment component. So the judge made a very specific order here, and they're separate. And that's just how they are in the guidelines, and probation will have to read the judge's order and follow it. Well, I mean, it seems to me that it is frequently the case that people who have both conditions as a term of supervised release at the time of supervision, they are combined into a single program. And the reality is, of course, that whichever way we go on this, if we were to strike, if we were to remand, if we were to affirm, at any point when he's on supervision, both Mr. Ortiz and the government can ask the court to modify conditions in light of changed circumstances, right? Sure, if there are changed circumstances. And there are certainly situations where somebody needs both drug and mental health treatment, and they can be combined, but that's not what we have here. Often people... You seem to be just overstating that. I mean, you seem to be suggesting that unless there is a diagnosis, that there's no basis to do this. And, I mean, if Judge Berman had said, reading your letter, and then recite it out loud as I did, portions of the defense submission about the traumatic childhood, about lack of supervision, about basically falling into addiction at that age and then relapsing later, that would not have been sufficient in your view? I believe that counsel would have made a similar objection, perhaps a fuller one, explaining the same things I'm explaining now, that he does not have any indication that that childhood, those childhood problems... So one would be needed, I guess. I mean, short of a diagnosis by an expert, what else would be required? In this court's case law, which the government cites, we have Dixon, Quarterman, and Belfon. One has a diagnosis, that's Belfon. Dixon has self-report of feeling depressed, so a self-reported feeling that they need mental health treatment. And Quarterman has a history of counseling, including at the time of sentencing, I believe. So those are three things that the court has said is enough to require mental health treatment. We have none of those. But childhood trauma without more is not, you're saying. No, Your Honor. A history of childhood trauma that leads to addiction and then criminality is not something that would be enough. If childhood trauma was enough, essentially all of my clients would have enough to have a mental health condition imposed. And that's not what this court has said. This court has said there needs to be an individual determination and there have to be facts that support the condition. Okay. Thank you very much. Thank you. Very informative. We'll reserve a decision, obviously.